IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES PRIDE,

                          OPINION AND ORDER

          Plaintiff,

                          13-cv-308-bbc

      v.

CITY OF EAGLE RIVER, WISCONSIN,
JEFF HYSLOP, FRED INTERMUEHLE,
JOE LAUX, JERRY BURKET,
GEORGE MEADOWS, KIM SCHAFFER,
CAROL HENDRICK, DEB BROWN,
EAGLE RIVER LIGHT AND WATER,
LARRY PHIFER, LON BUSHEY,
PAT WEBER, EAGLE RIVER PUBLIC WORKS DEPARTMENT,
JOE TOMLANOVICH, MIKE ADAMOVICH,
MIDSTATE ENGINEERING, SCOTT MARTIN,
BLACKHAWK ENGINEERING, GREG HUZA;
STEVE GARBOWICZ, JOHN NIEBURH,
JOE RATH and JERRI RADTKE,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a proposed civil action for monetary and injunctive relief in which plaintiff Charles Pride, who is proceeding pro se, alleges that more than 20 defendants associated with the City of Eagle River, Wisconsin, violated his constitutional rights. Plaintiff has also filed a motion for preliminary injunctive relief. Dkt. #3. Because plaintiff is proceeding without prepayment of costs under the in forma pauperis statute, 28 U.S.C. § 1915, his complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon

1

which relief may be granted or asks for money damages from a defendant who by law cannot

be sued for money damages.  28 U.S.C. § 1915(e)(2)(B).

After reviewing the proposed complaint, I conclude that plaintiff may not proceed on

his claims at this time because his complaint violates Fed. R. Civ. P. 8 and likely Rule 20 as

well.  I will give plaintiff an opportunity to file a complaint that complies with these rules.

In addition, because plaintiff has not shown he is entitled to emergency relief on any of his

claims, I am denying his motion for preliminary injunctive relief at this time.


DISCUSSION

Plaintiff's 53-page complaint alleges many facts and asserts 16 claims against more

than 20 defendants for violations of his rights under the constitution and state law.  For

example, he alleges multiple unconstitutional takings of his property without due process or

just compensation, in violation of the Fifth Amendment.  These alleged takings have

occurred over a 30-year period and were caused by unlawful zoning, utility regulations,

special assessments and application of eminent domain, among other things.  Plaintiff also

alleges violations of his rights to due process and equal protection and his right to be free

from unconstitutional searches of his property.  He asserts state law claims for fraud,

trespass, defamation, conspiracy, infliction of emotional distress and violations of city and

state land use planning regulations and utility ordinances.

This is the second case plaintiff has initiated arising the same or similar allegations.

In <u>Pride v. City of Eagle River</u>, Case No. 10-cv-506-bbc (filed on Sept. 2, 2010), plaintiff

filed a complaint with similar allegations and claims against several of the defendants named in this case.  In an order, I explained to plaintiff that his complaint violated Fed. R. Civ. P. 8 because it was impossible to determine what claims he was asserting against which defendant.  Dkt. #5 in 10-cv-506-bbc (Sept. 23, 2010).  Under Rule 8(a)(2), a complaint must contain "a short and plan statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Additionally, "each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d).  Plaintiff's complaint was confusing and rambling.  To answer plaintiff's allegations, defendants would have had to sift through plaintiff's allegations and guess which claims plaintiff was asserting against each of them.

I also noted that plaintiff's complaint likely violated Fed. R. Civ. P. 20, which governs the number of parties a plaintiff may join in any one action.  That rule provides that a plaintiff may sue more than one defendant when his injuries arise out of "the same transaction, occurrence, or series of transactions or occurrences" and when there is "any question of law or fact common to all defendants."  Rule 20(a) prevents plaintiffs from filing a "buckshot complaint."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  For example, if a plaintiff filed "a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions," the complaint would be rejected because the defendants would not be properly joined under Rule 20(a)(2).  Id.  Because plaintiff was bringing claims against more than 20 defendants for actions taken over the course of 30 years, it was unlikely that a claim against one or more defendants arose out of the same series of transactions or occurrences.

I dismissed plaintiff's previous case without prejudice, giving him an opportunity to file an amended complaint that complied with Rules 8 and 20, but plaintiff never filed a proposed amended complaint and that case was closed. Now, nearly two years later, he has filed the complaint in this case. In his present complaint, plaintiff fixed some of the problems I identified in the previous case. He numbered each paragraph of his complaint and labeled specific claims. However, the complaint contains several problems that must be corrected before I can determine whether plaintiff can proceed with any of his claims. Therefore, I will dismiss it without prejudice and give plaintiff an opportunity to file an amended complaint in which he sets out his claims against each of the defendants in short and plain statements.

In filing his amended complaint, plaintiff should do the following:

(1) <u>Shorten and simplify the complaint.</u>  Plaintiff's complaint is too long and unorganized. Because it is so long and rambling, it is difficult to tell which claims are being asserted against which defendants and which allegations support the specific claims plaintiff is asserting. There is no reason for plaintiff's complaint to be 53 pages long or for it to contain the amount of details and repetition that it does. In drafting an amended complaint, plaintiff should include enough facts to tell his story, but should try to be succinct and avoid unnecessary details and legal jargon. For each claim, plaintiff should simply state (1) what acts he believe violated his rights; (2) what rights were violated; (3) who committed those acts; and (4) what relief he wants the court to provide. For example, one of plaintiff's claims is that defendants rejected his request to put a wind turbine on his property. This claim does

not require pages of allegations.  Rather, plaintiff should state when he requested approval of the wind turbine, who rejected the request, why plaintiff believes the rejection was unlawful and what relief he is seeking.

(2) <u>Match specific claims to specific defendants.</u>  Plaintiff's complaint contains 16 claims but does not identify clearly which defendants are being sued for which claim.  In his amended complaint, plaintiff should list the names of the defendants who are being sued under each claim.

(3) <u>Limit the complaint to a single transaction and occurrence or a series of related transactions and occurrences.</u>  As explained above, plaintiff cannot sue multiple defendants for unrelated actions.  Plaintiff's allegations range from zoning actions to utility incursions to defamation and fraud.  There are no allegations in plaintiff's complaint to suggest that these claims are part of a single transaction or series of related transactions or occurrences.  Therefore, in drafting an amended complaint, plaintiff should focus his allegations on one transaction or series of related transactions and occurrences.

(4) <u>Delete claims that are untimely.</u>  Several of plaintiff's claims appear to be premised on events that occurred more than ten or twenty years ago.  These claims are likely barred by the applicable statute of limitations.  With respect to plaintiff's constitutional claims brought under 42 U.S.C. § 1983, including his taking, equal protection, due process, unlawful search claims, plaintiff had six years from the date he had notice of his injury to file a lawsuit.  <u>Wudtke v. Davel</u>, 128 F.3d 1057, 1061 (7th Cir. 1997); <u>see also</u> <u>Malone v. Corrections Corp. of America</u>, 553 F.3d 540, 542 (7th Cir. 2009).  Plaintiff was also

required to bring his state law claims arising from injury to his property within six years. Wis. Stat. § 893.52.  Thus, any constitutional or property claim premised on actions defendants took before May 2, 2007 would likely be time-barred.

Plaintiff was required to bring his defamation claim and any other intentional tort claim within two years of the date he learned of his injury.  Wis. Stat. § 893.57 (2009). (The statute of limitations was amended in 2010 to three years, but the amendment applies only to injuries occurring after the effective date of the amendment, February 26, 2010.) Thus, any intentional tort claim premised on actions defendants took before February 26, 2010 would be time-barred.

The basic rule is that a failure to comply with a statute of limitations is an affirmative defense that must be proven by the defendants, but a district court may dismiss a complaint on its own motion if a party pleads enough information showing that the complaint is untimely.  Cancer Foundation, Inc. v. Cerberus Capital Management, LP, 559 F.3d 671, 674-75 (7th Cir. 2009) ("[D]ismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness.").  It is obvious from plaintiff's present complaint that he was aware of some of his injuries long before the statute of limitations expired.  Therefore, plaintiff should not include those claims in his amended complaint; if he does, I will dismiss them immediately as barred by the statute of limitations.

(5) Include allegations showing that he has exhausted his state remedies.  Several of plaintiff's claims arise out of alleged takings of his property without due process or just compensation.  Federal courts may not adjudicate "takings" disputes unless the plaintiff has

pursued and exhausted all of his state remedies.  Muscarello v. Ogle County Board of Commissioners, 610 F.3d 416, 422 (7th Cir. 2010) (citing Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 186-95 (1985)).  This means that before filing a takings claim in federal court, "the property owner has (1) obtained a final decision from the relevant governmental entity regarding the application of the land use regulations at issue to the property in question, and (2) sought compensation for the taking through the procedures the state has provided for obtaining such compensation."  Behavioral Institute of Indiana, LLC v. Hobart City of Common Council, 406 F.3d 926, 930 (7th Cir. 2005) (citing Williamson County, 473 U.S. at 186-95).  Depending on the circumstances, a plaintiff challenging a county's or municipality's land use decision in Wisconsin has several possible state court remedies, including a statutory certiorari review of the decision, Wis. Stat. § 59.694(10), or a suit for inverse condemnation under Wisconsin statutory law or the state constitution.  Wis. Stats. § 32.10; Wis. Const. art. I, sec. 13.  Thus, if plaintiff chooses to include his takings claims in his amended complaint, he must allege whether he has obtained a final decision from the relevant government entities regarding the various actions against him and whether he has sought compensation or other remedies in state court.  If he does not, I will have to dismiss his takings claims.

Plaintiff may have until July 10, 2013 to submit a proposed amended complaint that corrects the problems identified in this order.  If plaintiff fails to submit a proposed amended complaint by July 10, 2013, I will direct the clerk of court to dismiss the case.

Finally, I am denying plaintiff's motion for a preliminary injunction at this time.  To

obtain a preliminary injunction, plaintiff must show that he is reasonably likely to prevail on the merits of at least one of his claims.  If he can make this showing, he must also show that he will suffer irreparable harm if an injunction is not granted, that the harm he will suffer if the injunction is denied will outweigh the harm defendant will suffer if the relief is granted and that an injunction will not disserve the public interest.  Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. of Health, 699 F.3d 962, 972 (7th Cir. 2012).  In his motion, plaintiff does not identify which claims he believes entitle him to emergency injunctive relief, does not explain why he believes he has a likelihood of success on those claims and does not explain why he needs emergency relief to address actions that have been occurring for 30 years.  Further, plaintiff does not comply with this court's Procedure To Be Followed On Motions For Injunctive Relief, a copy of which is included with this order.  Under these procedures, plaintiff must file with the court and serve on defendants proposed findings of fact supporting his claim.  He must support each of those proposed facts with a citation to evidence.  If he is basing his motion on facts within his own knowledge, he must prepare an affidavit setting out each fact and either swear to it before a notary public or sign it with a statement that he is doing so under the penalty of perjury. 28 U.S.C. § 1746.  Because plaintiff has failed to follow these procedures and has not shown he is entitled to extraordinary relief, his motion will be denied.

ORDER

IT IS ORDERED that

1.  Plaintiff Charles Pride's complaint is DISMISSED for failure to comply with Fed. R. Civ. P. 8 and 20.  Plaintiff may have until July 10, 2013 to submit a proposed amended complaint.  If plaintiff fails to submit a proposed amended complaint by July 10, 2013, the clerk of court will enter judgment dismissing this case.

2.  Plaintiff's motion for preliminary injunctive relief, dkt. #3, is DENIED without prejudice.

Entered this 28th day of June, 2013.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

9