IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES PRIDE,

                                                                    ORDER

              Plaintiff,

                                                                  13-cv-308-bbc

     v.

CITY OF EAGLE RIVER, WISCONSIN,
JEFF HYSLOP, FRED INTERMUEHLE,
JOE LAUX, JERRY BURKET,
GEORGE MEADOWS, KIM SCHAFFER,
CAROL HENDRICK, DEB BROWN,
EAGLE RIVER LIGHT AND WATER,
LARRY PHIFER, LON BUSHEY,
PAT WEBER, EAGLE RIVER PUBLIC WORKS DEPARTMENT,
JOE TOMLANOVICH, MIKE ADAMOVICH,
MIDSTATE ENGINEERING, SCOTT MARTIN,
BLACKHAWK ENGINEERING, GREG HUZA;
STEVE GARBOWICZ, JOHN NIEBURH,
JOE RATH and JERRI RADTKE,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On June 28, 2013, I denied plaintiff leave to proceed in forma pauperis in this action after concluding that his complaint violated Fed. R. Civ. P. 8 and 20. On July 9, 2013, plaintiff filed a motion for extension of time to file his amended complaint and Magistrate Judge Stephen Crocker gave plaintiff until August 9, 2013 to submit his complaint. Then on July 31, 2013, plaintiff filed a second motion for extension of time, which Judge Crocker denied. Plaintiff has not filed his amended complaint. Now plaintiff has filed a notice of

1

appeal of the June 28, 2013 order, a motion to take an interlocutory appeal, a motion for leave to proceed in forma pauperis on appeal and a motion for my recusal.

I will address first plaintiff's motion for my recusal under 28 U.S.C. § 455(b)(1), in which he states that "of a concurring Pride appeal issue, needing reasonable pro se time enlargement to conduct, prior to his complaints refilling . . . as twice past denied . . . without liberal construction." As with plaintiff's other filings, it is difficult to decipher what plaintiff means, but under § 455(b)(1), a judge must recuse herself if she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Nothing in my previous rulings in plaintiff's cases suggests that I have a bias against plaintiff or that I have knowledge of disputed facts in the proceedings. Accordingly, I will deny plaintiff's motion for recusal.

As for plaintiff's notice of appeal of the June 28, 2013 order, such orders are interlocutory in nature. E.g., Paul v. Marberry, 658 F.3d 702, 705 (7th Cir. 2011) (When "a judge dismisses a complaint because he can't tell whether it states a claim, and thus explicitly or implicitly invites the plaintiff to amend the complaint and the plaintiff does so, the dismissal is interlocutory.") Plaintiff has filed a request for certification so that he can take an interlocutory appeal in this case under 28 U.S.C. §1292(b).

28 U.S.C. § 1292(b) states in relevant part,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may

materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The order does not involve a controlling question of law as to which there is substantial ground for difference of opinion and a prompt appeal from the order will not materially advance the ultimate termination of this litigation. Indeed, it can serve only to delay it. Therefore, I will deny plaintiff's motion for certification of his interlocutory appeal.

Nevertheless, plaintiff's filing of a notice of appeal triggers a financial obligation: he owes $455 fee for filing his notice of appeal. Plaintiff has filed a motion for leave to proceed in forma pauperis on appeal. A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is filed in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). I will deny plaintiff's request because I certify that his appeal from an unappealable non-final order is not taken in good faith.

Because I am certifying plaintiff's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, he has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Plaintiff should

3

be aware that he must file these documents in addition to the notice of appeal he has filed previously. If he does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require him to pay the entire $455 filing fee before it considers his appeal. If he does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

Finally, I note that plaintiff's appeal raises the question how to proceed with this case. Generally, when a notice of appeal is filed, the district court is divested of jurisdiction over the aspects of the case involved in the appeal. United States v. Ali, 619 F.3d 713, 722 (7th Cir. 2010). However, if the appeal is from a nonappealable interlocutory order, this general rule does not apply. United States v. Cannon, 715 F.2d 1228, 1231 (7th Cir. 1983) ("This rule, however, has no application where there is a purported appeal from a nonappealable order"); United States v. Hines, 2009 WL 3156694, at *2 (S.D. Ill. 2009) (finding that the appeal of the district court's competency ruling and ruling that the defendant waived his right to proceed pro se did not divest the district court of jurisdiction because the rulings were not subject to immediate appeal). Thus, I conclude that this court retains jurisdiction over the case. Because the deadline for plaintiff to file an amended complaint has long since passed, I conclude that this case must be dismissed for plaintiff's failure to state a claim upon which relief may be granted. Paul, 658 F.3d at 705 (when "plaintiff is told to amend his unintelligible complaint and fails to do so, the proper ground of dismissal is not want of

4

prosecution but failure to state a claim").

ORDER

IT IS ORDERED that

1. Plaintiff Charles Pride's motion for my recusal, dkt. #10, is DENIED.

2. Plaintiff's motion for the court to certify that an interlocutory appeal may be taken from the June 28, 2013 order in this case, dkt. #24, is DENIED.

3. Plaintiff's request for leave to proceed in forma pauperis on appeal, dkt. #16, is DENIED. The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial records.

4. This case is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment accordingly.

Entered this 25th day of September, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge