# UNITED STATES COURT OF APPEALS

# FOR THE SEVENTH CIRCUIT

CHARLES PRIDE

Plaintiff- Appellant

Vs.                                                                                                  No.2723

CITY OF EAGLE RIVER, WISCONSIN et al.,

Defendants – Appellees

## Originating Case Information:

District Court Case No. 3:13-cv-00308 Barbara Crabb, Western District of Wisconsin.

## MOTION FOR NOTICE OF 2ND APPEAL FOR CONTINUING DISTRICT COURT JURISDICTION ORDERS, OF 1ST APPEAL ISSUES, REQUESTED BIFORCATED.

Pro Se Plaint Pride gives motion notice of 5th circuit interlocutory 2nd appeal notice for case 3:13-cv-00308bbc Document #; 25 orders, filed on 09/25/13 by District Judge Barbara B. Crabb. As numbered orders 1, 2, 3, and 4, bifurcated requested into the original appeal stated as:

### ORDER
**IT IS ORDERED that**
**1. Plaintiff Charles Pride's motion for my recusal, dkt. #10, is DENIED.**
**2. Plaintiff's motion for the court to certify that an interlocutory appeal may be taken from the June 28, 2013 order in this case, dkt. #24, is DENIED.**
**3. Plaintiff's request for leave to proceed in forma pauperis on appeal, dkt. #l6. is DENIED. The clerk of court is directed to insure that Plaintiffs obligation to pay the $455 fee for filing his appeal is reflected in the court's financial records.**
**4. This case is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment accordingly' Entered this 25th day of September, 2013'**
                                                  **BY THE COURT:**
                                                  **/s/**
                                                  **BARBARA B. CRABB**
                                                  **District ]udge**

Pride seeks historic liberal construction to raise the strongest arguments, for untrained pro se attempts for the added complex issues of 1st and now added 2nd interlocutory appeal jurisdiction issues. For this 2nd appeal of district court orders, outside of the 1st appeal circuit court jurisdiction discretion. Continuing to add reasonable questionable impartiality Government bias and pro se prejudiced issues, while denying affective court administration, including injunctive relief. Not 2nd district order appeal issue addressed, per the 1st appeal reasonable questioned Government impartiality and final rulings instructions and orders decided, and ordered removed from the complaint, of controlling questions of law, not liberally construed from the complaints. Incorporated herein into the 2nd circuit appeal requested bifurcated into one appeal for economy. Reasonable questioning impartiality, for the district court 1st and 2nd instructions and orders with complaint dismissal for untrained pro se 12 and 10 day impossible complaint refilling abuse of discretion strict deadlines. To plaintiff Pride forced into pro se, per Defendant bad faith home and pending personal property impermissible takings, with district denied pauperis status. For Pride's citizens constitutional right to judicial access, with liberally construction for either the 1st or 2nd complaint denied service and discovery. For continuing without injunctive relief emanate property takings for primia fascia complaint stated specific language from the complaint cited public utilities statutes, codes, and case law authorities. With facially exhibited conspired frauds of latent plumbing and assessment public utility defects of bad faith Government continuing taking actions with deprived assessment due process notice or hearing. Discretion district court twice denied for injunctive relief, or complaint liberal construction, withholding service and discovery. Showing reasonably questioned government biased and pro se prejudice with abuse of discretion, in limiting without liberal construction Plaintiffs 1st and 2nd complaint refilling or service, with impossible limiting 12 and 10 day pro se not a trained attorney without resources for refiling strictly conducted time filing limits. For extraordinary complex government taking complaint issues, with added complex court refilling orders, containing final determinations for controlling questions of law. The district court failed to address the 1st appeal stated final complaint instructions and orders for final determinations of questions of law in continuing to decided the 1st circuit jurisdiction appeal issues, of difference of opinion on controlling question of law. Instructed and ordered final order removed from the complaints. 2nd appeal district order ruled on, without jurisdiction, as not final orders or controlling question of law. Without responding to or addressing the cited courts final instructions and orders for omitting true complaint issues for statute of limitations were frauds, latent defects, deprive assessment due process and

continuing action doctrine, are final ordered removed from the complaint of controlling law for tolling issues of limitations. District court ordered removed from the refilled complaint not liberally construed in 12 and/or 10 day time. Further final ruling determined a shotgun action under Fed. R. Civ. P. rule 8 because of the defendant policy of created volumes, of indiferent property taking actions, to the same property by the same actors. Without impartial judicial injunctive relief or service with discovery. Reasonable questioning impartiality or liberal construction by Judge Crabb, per the 2nd appeal orders and dismissal without jurisdiction, failing to integrity address the cited impartiality issues or recuse herself for the actions, now requested appealed to the circuit court for recusal determination. Directly causing through the discretionary deprive impartiality for the statute of limitation issues for repeated frauds, latent defects, by the 1st complaint 12 day discretionary strict compliance denying the motion for time enlargement. Directly causing with added statute of limitation the biased without balance continuing and escalating Government takings, per the denied liberal construction, reasonable time to refile complaint, denied motion to enlarge time, and injunctive relief with service and discovery.  - *Directly causing* the continuing deprived created and requested deprived public utilities, were two fires without water utility are then subsequently occurred and are plead into the 2nd complaint and the impermissible illegal subsequent assessments, caused the assessment taking of the entire property. Continuing with the exhibited defendant personal property emanate takings harm documents exhibited and not liberally construed, without taking judicial review balance, check or injunctive relief, 1st and 2nd complaint plead and district denied twice. For non-conventional, non-code public utilities, defendant installed without plumbing license or engineer compliance, followed by two criminally treaspased no due process City benefited buried electric utilities, heightened 2nd complaint stated. Including tolling issues for complaint heightened plead statutes, codes and case law authorities, for prima facial fraudulent exhibited affidavit and engineer document frauds, covered up in conspiracy for non code plumbing latent defects with no due process assessments with continuing action doctrine statue authority.    District court instructed or ordered complaint removed without impartiality as final orders. 2nd appeal district court ordered without jurisdiction, final order ruled as a failure to state a claim. Reasonable questioned as not impartial, without addressing liberal construction or its established standards for the also 2nd district ordered 2nd complaint dismissal. Forcing aggrieved Pride to remove true complaint issues in order to gain abuse of discretion complaint service with discovery and denied injunctive relief, without impartiality or Government check and balance. Allow reasonable appeal questioning, of both district court final instructions and orders and for controlling questions of law. For just judicial integrity appeal circuit review jurisdiction, to

restored public judicial confidence with effective and expeditious administration of the court business. Including speedy egregious injunctive citizen relief for the primia fascia conducted bad faith government takings actions, however inartfully stated or rambling that includes this pleading.

**APPEAL ORDER 1. Denied recusal.** Plaintiff Pride incorporates herein the 1st appeal docket #10 motion for recusal; docket #11 affidavit with #1 Exhibit A Defendant City Attorney notice of continuing Pride personnel property taking; and docket #24 District Court permission to appeal. Plaintiff cites 2nd appeal dkt #25 page two order in which Judge Crabb addresses her single recusal issue addressed. Failing to address the 1st complaint bad faith 12 day limited complaint refilling time constraint, denied motion for complaint refilling, and injunctive relief denied issues. And the direct causation resulting court allowed added continuing property takings, with added statute of limitations causation issues. Through the abuse of discretion conduced with government bias and pro se prejudice issues, stated in the incorporated pleadings for recusal. Policy continuing to not address the 2nd complaint 10 day limited complaint pro se refilling limited time constraints strictly enforced. Addressing only the granting of the 2nd complaint, second motion for time extension partially granted, without addressing the bias and impartiality or controlling question stated in her orders with recusal issues. Further 2nd appeal district order not addressing liberal construction or if their standards were used, or if liberal construction was by abuse of discretion used at all and Pride was held to trained Attorney standards, in the continuing complaint denied service and injunctive relief consideration. Reasonable questioning government bias and pro se prejudice for appeal jurisdiction. For the stated and document exhibit prima facial continuing Defendant government unconstitutional property takings by frauds with latent plumbing defects without due process by illegal assessment takings, complaint stated issues. Citing both the pertaining case law and statutes and plumbing codes, not liberally construed for the continuing emanate taking harm, with denied injunctive relief service or judicial relief. Pride prays the Circuit court allow appeal to both, considering the reasonable impartiality question, and if government bias and pro se prejudice is reasonable questioned without liberal construction, for a circuit court appeal ordered recusal for judge Crabb. Further if a district court Judge should ethically rule on statute of limitations issues, the Judge added to and directly caused, while denying injunctive relief service or hearing remedy; pursuant to an abuse of discretions policy of bad faith limiting complaint service, and imposing strict pro se impossible time allotments, for complaint refilling, without liberal construction.

Plaintiff Pride further incorporates herein his July 26, 2013 memorandum captioned as:

# "RECUSAL MEMORANDUM

Two sections of <u>Title 28 of the United States Code</u> (the Judicial Code) provide standards for judicial disqualification or recusal. Section 455, captioned "Disqualification of justice, judge, or <u>magistrate judge</u>," provides that a federal judge "shall disqualify himself in any proceeding in which his <u>impartiality</u> might reasonably be questioned." "The same section also provides that a judge is disqualified "where he has a personal bias or prejudice concerning a party,

28 U.S.C. sec. 144, captioned "Bias or prejudice of judge," provides that under circumstances, when a party to a case in a <u>United States District Court</u> files a "timely and sufficient <u>Motion</u> that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party," the case shall be transferred to another judge.

Section 144 reads as follows:
Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudices either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The "extrajudicial source" doctrine applies to section 144 (indeed it was initially developed under section 144) as well as to section 455(a). Thus a section 144 affidavit must show "that the bias is personal rather than judicial, and that it stems from an extrajudicial source—some source other than what the judge has learned through participation in the case."
Every court of appeals except the Seventh Circuit generally uses an "abuse of discretion" standard for reviewing a trial court's decision about recusal. The Seventh Circuit employs de novo review.
[I]t is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process. We must continuously bear in mind that "to perform its high function in the best way 'justice must satisfy the appearance of justice.'"
 Disqualification Based on Question of Partiality: Section 455(a)

A. Standard for Applying

When Congress amended section 455(a), it made clear that judges should apply an objective standard in determining whether to recuse. A judge contemplating recusal should not ask whether he or she believes he or she is capable of impartially presiding over the case. *The statute requires recusal in any case "in which [the judge's] impartiality might reasonably be questioned."* Because of that language, every circuit has adopted some version of the "reasonable person" standard.5 7

 Disqualification: Section 455(b)

A. Personal Bias, Prejudice, or Knowledge: Section 455(b)(1) Subsection 455(b)(1) requires a judge to disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The standard for determining disqualification is "whether a reasonable person would be convinced the judge was biased."1 4 "Recusal under Section 455(b)(1) 'is required only if actual bias or prejudice is proved by compelling evidence.'"1 5

Improper denial of motions seeking recusal may have serious consequences. First, it can deprive citizens of their right to a "neutral and detached judge."1 Second, it can diminish public trust in the judicial system, which requires confidence in the impartiality of judges. This monograph offers a synthesis and analysis of the case

As the Seventh Circuit explained, "the party seeking recusal on that theory must allege facts suggesting that the alleged bias against counsel might extend to the party." The allegations to that effect cannot be "merely conclusory."
"[T]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient. . . . Because the statute 'is heavily weighted in favor of recusal, for the abuse' its requirements are to be strictly construed to prevent abuse."
Fifth and Seventh Circuits have noted that while a judge must ask "how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person," an outside observer is "less inclined to credit judges' impartiality and mental discipline than the judiciary . . .

Pro Se Pride seeks requisal and De Novo review per the abuse of discretion for the Sept 2, 2010 Case No 10-cv-506 giving *13 days* of biased refilling order with government advocacy in denying by bias the pro se leave to refill the complaint. Directly causing added statutes of limitations deprivations and the continuing Government takings per the current 13-cv-308 giving *12 day'*s notice order to refill fifty three pages of complex government takings.

Plaintiff has excusable show cause for the attached exhibit second motion to enlarge time further, per the concurring appeal, pro se time limiting constraints, in which to address the courts complex streamline claim construction issues. That would be a third biased limitation and denied relief by bias and request recusal for the decision not historically or by rule limited except by this courts streamlining and claim construction bias. Showing predisposition pro se bias and a finger of the scale for Government advocacy reasonable questioned for the actions taken.

  Pride prays only reasonable judicial access with liberal construction with necessary discovery given the lack of due processes. Now including the additional government property takings of the entire property, directly cause by Judge Crabb. Without any bias, streamlining or reasonable time constraints for complaint stated true issues; without prejudice for what was not learned through participation in this case." End of caption incorporated herein.

*Pride now additionally cites the further lack of impartiality to a pro se citizens right to liberal construction complaint service with discovery and injunctive relief; with Government balance and check pursuant to Judge Crabb's appeal issue decisions, without jurisdiction.*

## APPEAL ORDER 2. DENIED PLAINTIFF'S MOTION FOR THE COURT TO CERTIFY THAT AN INTERLOCUTORY APPEAL MAY BE TAKEN. PETITION CAPTIONED AS:

   "DISTRICT PETITION FOR PERMISSION TO APPEAL

Plaintiff incorporates herein the circuit court permission to appeal.

  28 U.S.C. § 1292(b) authorizes the court of appeals to exercise jurisdiction over appeals from interlocutory orders as follows: When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Under section 1292(b) a party seeking immediate appellate review of an interlocutory order must first obtain a certification from the district court that the order warrants interlocutory review.

To obtain certification in the district court, the appellant must satisfy the following requirements: (i) the order involves a controlling question of law, (ii) there is a substantial ground for difference of opinion on that controlling legal question, *and* (iii) immediate appeal would materially advance the termination of the litigation.

The Eleventh Circuit (agreeing with the Seventh Circuit's approach) has explained a controlling legal question as an issue of statutory or constitutional interpretation or the "meaning" of a regulation or common-law doctrine in contrast to whether a fact question exists sufficient to defeat summary judgment. *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1258 (11th Cir. 2004) (citing *Arenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674 (7th Cir. 2000)). Section 1292(b) applies to "pure" legal questions that an appellate court "can decide quickly and cleanly without having to study the record." *Arenholz*, 219 F.3d at 677.

Neither the rules nor the statute provide a deadline for seeking certification in the district court. *Richardson Elecs., Ltd. v. Panache Broadcasting of Pa., Inc.*, 202 F.3d 957, 958-59 (7th Cir. 2000).

**ISSUE 1.** Plaintiff appeal does not involve any issues of Federal Rule of Civil Procedure Rule 8 for either 10 cv 308 or 13 cv 506 pertaining to any of the court instructed complaint construction issues stated.

**ISSUE 2**. Plaintiff is appealing the Federal Rule of Civil Procedure Rule 20 complaint final order for complaint construction; ruled in both 10cv308 and 13cv308 as: "1. Plaintiff Charles Pride's complaint is DISMISSED for failure to comply with Fed.R.Civ.P. 8 and **20.** Ruling discussed as "It provides that a plaintiff may sue more than one defendant when his injuries arise out of "the same transaction, occurrence, or series of transactions or occurences" and when there is "any question of law or fact common to all defendants." Rule 20(a) prevents plaintiff from filing a "buckshot complaint." " Pursuant to all the complaint issues

conducted as a series of municipal actions as transactions or occurences, connected exclusively to the Pride property.

**ISSUE 3**. Plaintiff appeals both first pro se complaint 10 cv 506 dkt #5" ORDER **1**. Plaintiff Charles Pride complaint is DISMISSED…… Plaintiff may have until October 6, 2010 to submit a proposed amended complaint. If plaintiff fails to submit a proposed amended complaint by October 6, 2010, the clerk of court will enter judgment dismissing the complaint….Entered this 23rd day of September, 2010." **(12 days mailed notice) AND** Second pro se complaint 13cv308 as "ORDER IT IS ORDERED that **1**. Plaintiff Charles Pride's complaint is DISMISSED….Plaintiff may have until July 10, 21013 to submit a proposed amended complaint. If plaintiff fails to submit a proposed amended complaint by July 10, 2013, the clerk of court will enter judgment dismissing this case….Entered this 28th day or June, 2013." **(12 days mailed notice) USPS dated mailed on July 1, 2013 for (10 days' notice) with conventional mailing delays of two weekends per both order district mailings. The second with the 4th of July were pro se Pride across the country had one day to comprehend the complex refilling orders and to amend the 53 page complaint. Showing the courts biased and abuse of discretions for pro se complaint refilling allotted times. Not neutral with government advocacy for 12 day and 10 day with conventional mailing, impossibly short allotted time for complaint refilling allowances with order dismissal**

**ISSUE 4.** Plaintiff incorporates herein the motion for recusal with memorandum and afidavite for recusal determination for District Court Judge Barbara Crabb. For either District court to grant and if not then granted by the Circuit court for the reasons specified.

**ISSUE 5.** Plaintiff seeks a tolling ruling for the six year Wis Stats 893.32 from the filing date of the original 10-cv-506, for the complaint stated issues. Not per the "Thus, any constitutional or property claim premised on actions defendants took before May, 2007 would likely be time-barred" tolled from the second complaint filling date for the Pride requested complaint refilling.  MANIFESTLY UNJUSTLY directly cause by the courts first complaint 12 day notice impossible time allotment with biased dismissal, allowing the continuing government property

taking (as second complaint additional issues) and denied first complaint motion for leave to refill the complaint

**ISSUE 6.** Judge Crabb gave no pro se injunctive relief instruction with the **(12 days with mailings) allotted time** in 10-cv-506 for the final order: "2.Plaintff's motion for preliminary injunctive relief, dkt #3 is DENIED without prejudice. Discussed as "is legally frivolous, malicious". And per the **(10 days mailing notice) per 13 cv 308** "In addition, because plaintiff has not shown he is intitled to emergency relief on any of his claims. I am denying his motion for preliminary injunctive relief at this time." "ORDER 2.Plaintiff's motion for preliminary injunctive relief, dkt #3, is DENIED without prejudice." By abuse of discretions did not allot an untrained pro se plaintiff an unbiased and neutral allotted time in which to properly complete the injunctive relief. Heighten plead in the complaint and restated in the circuit permission to appeal incorporated herein; with the primia fascia specified statutes violations for the assessment no due process; repeated plumbing latent defects; plumbing codes violated; fraud affidavit of code compliance; unlicensed plumbing installations; and prima fascia evident engineer work sheet with other exhibits; of the unlawful plumbing and assessment bad faith acts use to take the property. Continuing to also take the remaining personal property, policy without due process or judicial review or district court injunctive relief. Showing Judge Crabb's pro se bias with Government advocacy in directly causing the subsequent two fires without water utility protections. Per the first complaint denied injunctive relief and the continuing taking of Pride personal property without any due process in the second denied injunctive relief per "he has not shown he is intitled to emergency relief" made homeless by the statute and due process violated taking of the pride property. More **MANIFESTLY UNJUST** is the Courts blind eye government advocacy integrity issues; than the prima fascia exhibited not liberally construed, taking of the Pride property. Dismissed without allotted time to respond to the untrained pro se citizen, losing his property without judicial review or injunctive relief forced into appealite court for relief while the personal property has been or is in the process of beening taken without any due process policy also constucted with the unnoticed no due process first assessment.

**ISSUE 7.** Plaintiff appeals the failure of the District court in both 10 cv 506 and 13 cv 308 to liberal construe untrained pro se Pride 26 page and heighten plead 53 page complaint for liberal constructions with bias, in granting **12 day and 10 day**

**respectively as impossible** refilling time allotments, with mailing times. For "less stringent standards than formal pleadings drafted by attorneys" and should be liberally construed in the plaintiff's favor. Haines v Kerner 404 U.S. 519 520 (1972). While manifestly unjustly allowing the continuing government taking to both occur and continue.

Plaintiff prays appeal reversal of issues 2 through 7 with injunctive relief, recusal, 45 days complaint refilling allotted time and remand orders.

Defendants were not allowed service of either complaint while they continued the taking actions and have not been certified notice of these appeal issues per the courts advocacy for the stated issues plead with specificity." End of caption incorporated herein.

*Judge Crabb did not address in her appeal certification denial, any of the numbered issues showing further impartiality with government bias and pro se prejudice.*

**APPEALED ISSUE 3. DENIED INFORMA PAUPERUS "IS NOT TAKEN IN GOOD FAITH"** Plaintiff Pride is homeless living in a vehicle, destitute without any income; as a direct causation of the Defendants bad faith and illegal taking of all his property and economic property expectations. Repeatedly stated in the multiple complaint, 1st appeal and now 2nd appeal informa pauperis with affidavit statements, Pride has rule complied with. Good faith hinging on, if Judge Crabb correctly has jurisdiction, or correctly ruled that "because I certify that his appeal from an unappealable non-final order is not taken in good faith" per the Appellants position that there are substantial grounds of ordered complaint removed controlling questions of law, that are primia fascia evident from the complaint and exhibits of statutes, codes and fraud latent defects and continuing action doctrine for Plaintiff Pride seeks appeal brief consideration for, by the Circuit court in interlocutory appeal with jurisdiction.

**APPEALED ISSUE 4. "This case is DISMISSED for plaintiff's failure to state a claim."** "*pro se* complaint[s], 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.'" Plaintiff fifty two page 2nd complaint meets Iqbal plausibility standards and injunctive relief heightened stated with specific claims, all pertaining to the same property. Pro se heightened stated pursuant the original 1st complaint Court denied liberal

construction and complaint service of, without discovery and limited discretion 12 day and denied motion to refill complaint ruling orders. Also denying injunctive relief service. Judge Crabb neither allowed impartial appropriate pro se time to refill and directly caused the second complaint added continuing deprived requested public utility use and caused fires without water suppressions, additional issues. Continued to deprive adequate time to refill the 2nd complaint that in it is own right, does meet liberal construction standards, along with *iqbal* and *twombly* plausibility standards when liberally construed for "enough facts to state a claim to relief that is plausible on its face." and "raise[s] a reasonable expectation that discovery will reveal evidence" standards. Had the district court not biased the government interests and pro se prejudiced denied liberal construction, while holding to a trained lawyer standard. Reasonable questioning district court abuse of discretion, in denying complaint service, discovery, and injunctive relief hearing with government bias and pro se prejudice. For claims heightened stated with document exhibits of prima facial continuing property and civil rights takings, conducted with frauds and latent plumbing defects, without due process with illegal assessment takings. Further citing pertaining case law, the statutes authorities and plumbing and license codes, not liberally construed for their exacting language , for the continuing emanate taking harm. Denying injunctive relief service or judicial relief, dkt #25 ruled "failure to state a claim". While in appeal, without jurisdiction, for instructed and ordered complaint refiling, with instructed and ordered removal for controlling question of law issues stated. Were there are circuit court grounds for appeal for difference of opinion for order removed controlling issue of law for the complaint stated statute authorities.


Pride Prays the Circuit court grasp the pro se level of intimidation per the lack of liberal construction even when heightened and exhibit stated of the government takings continuing with injunctive relief or complaint service Judge Crabb denied rulings contain for the substantial grounds that controlling questions of law are ruled removed from the complaint in an government biased and pro se prejudiced abusively limited complaint refilling periods. **Pride prays interlocutory appeal circuit review for 2nd appeal district order #1 for the Circuit court recuse determination for Judge Crabb and order #2 DeNov review, granting 60 day complaint and injunctive relief refilling order. Including a six year statute of limitation tolling from the July 10, 2010 original complaint filing date per the reasonable person standards for bias and prejudiced 1st complaint District court**

**impartial abuse of discretion denied motion to refill the complaint with discovery and injunctive relief for the continuing taking. Including the 2nd complaint cited order statute of limitation controlling question of laws, reflecting cited and exhibited statutes, plumbing codes, latent defects, with frauds and conspiracies and the statue use of the continuing action doctrine complaint controlling questions of law issues ordered removed from the complaint without service or document productions. Order #3 order informa pauperis to Pride and Order #4 overruled dismissal for failure to state a claim Pride prays jurisdiction determination for.**

/s/ Charles Pride   Oct 24, 2013
Appealant/Plaintiff pro se Charles Pride
11572 Lemon Lane
Biloxi Ms 39532
onefoolishpride@yahoo.com