IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES PRIDE,

        Plaintiff,

                              ORDER

  v.

                          13-cv-308-bbc

CITY OF EAGLE RIVER, WISCONSIN,
JEFF HYSLOP, FRED INTERMUEHLE,
JOE LAUX, JERRY BURKET, GEORGE
MEADOWS, KIM SCHAFFER,
CAROL HENDRICK, DEB BROWN,
EAGLE RIVER LIGHT AND WATER,
LARRY PHIFER, LON BUSHEY,
PAT WEBER, EAGLE RIVER PUBLIC
WORKS DEPARTMENT, JOE
TOMLANOVICH, MIKE ADAMOVICH,
MIDSTATE ENGINEERING, SCOTT
MARTIN, BLACKHAWK ENGINEERING,
GREG HUZA;STEVE GARBOWICZ, JOHN
NIEBURH, JOE RATH and JERRI RADTKE,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Charles Pride has filed a document entitled "Motion for District Return of Borrowed and Paid Appeal Fee – Not Appeal Applied," dkt. #53, which I construe as a motion seeking a refund of plaintiff's appellate docketing fee. On September 26, 2013, this court entered judgment in plaintiff's case. On October 24, 2013, plaintiff filed his notice of appeal, which was docketed in the court of appeals on October 28, 3013. On January 30,

1

2014, the Court of Appeals for the Seventh Circuit dismissed plaintiff's appeal for his failure to timely pay the required $455 docketing fee. On April 15, 2014, plaintiff paid the docketing fee. The court of appeals received notice of that payment. Since then, plaintiff has filed numerous motions and letters with this court and the court of appeals asking to reinstate his appeal and for additional time to file motions. Now plaintiff seeks the return of his docketing fee.

It is not clear that this court has jurisdiction to do as plaintiff asks. Although the district court administers the collection of appellate docketing fees, these fees are collected for the purpose of appeal under Fed. R. App. Pro. 3, Cir. R. 45 and 28 U.S.C. § 1913. Moreover, once the notice of appeal is filed, the court of appeals retains jurisdiction over all matters related to the appeal. United States v. Ali, 619 F.3d 713, 722 (7th Cir. 2010). Thus, I am inclined to deny this motion for lack of jurisdiction.

Nevertheless, even if this court did have jurisdiction, I would deny the motion. I am aware of no authority under which either the district court or the court of appeals may return a paid docketing or filing fee. This fee is for *docketing* his appeal, which the court of appeals did long ago, so the administrative costs associated with docketing have accrued already. Thurman v. Gramley, 97 F.3d 185, 187 (7th Cir. 1996), overruled on other grounds by Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) ("A solvent litigant must pay the filing and docketing fees for the privilege of *initiating* an appeal; dismissal on jurisdictional grounds does not lead the court to refund the appellant's money.") (emphasis added). See also Porter v. Dept. of Treasury, 564 F.3d 176, 179 (3d Cir. 2009) ("It is of no

consequence whether an appeal is voluntarily dismissed, dismissed due to a jurisdictional defect, or dismissed on the merits—appellants are not entitled to the return of their filing and docketing fees.") (citing Thurman, 97 F.3d at 187 approvingly). Accordingly, plaintiff's request for a refund of his docketing fee will be denied.

In his motion, plaintiff asks for a copy of the form he completed on July 30, 2013 to receive and file documents electronically in the "CM/ECF" system. A review of the electronic filing system shows that plaintiff is a registered user and that he filed some documents using the electronic system in 2013 and 2014. It is this court's general practice to serve pro se parties who register for electronic filing with both an electronic notification of all filings and a mailed paper copy of all court orders. The court does so as a courtesy to pro se litigants, but it is the litigants' responsibility to notify the court of a change in their address or service requirements. In a letter dated March 24, 2015, plaintiff said he received two docket entries by email only, not by mail (dkt. ##47, 48), and he asked the court to mail him all documents until further notice. Dkt. #50. Copies of the documents at dkt. #47 and 48 were mailed to plaintiff and, since that time, all other orders have been sent to plaintiff by mail. Plaintiff has not identified any other information or documents that he requires and has not received. Therefore, plaintiff's request will be denied.

In addition, plaintiff is concerned that his copy of the court's May 4, 2015 order, dkt. #52, was unsigned and lacked a docket number. This order was filed electronically, so it did not contain a handwritten signature. Nevertheless, under the Electronic Procedures for the United States District Court for the Western District of Wisconsin, "[a]ny order filed

electronically has the same force and effect as a paper order with a handwritten signature."

<u>Available at</u> http://www.wiwd.uscourts.gov/electronic-filing-procedures. It is not this court's general practice to include docket numbers on paper copies of orders. The May 4, 2015 order, dkt. #52, has the same force and effect as any other order properly issued.

Finally, I note that the filing restriction instituted in the order dated May 4, 2015 remains in place. This restriction directs the clerk of court to forward to chambers all documents submitted by plaintiff that pertain to his appeal. These documents will be considered denied, without the need for court order, on the 30th day following receipt, unless the court orders otherwise.

ORDER

IT IS ORDERED that plaintiff Charles Pride's "Motion for District Return of Borrowed and Paid Appeal Fee – Not Appeal Applied," dkt. #53, is DENIED.

Entered this 18th day of May, 2015.

BY THE COURT:
/s/

_____
BARBARA B.CRABB
District Judge